PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 2 2006

at \_\_\_ o'clock and \_\_\_ min.\_\_\_ M
SUE BEITIA, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: KELEMETE USUVALE    Case Number: CR 01-00327SOM-01

Name of Sentencing Judicial Officer:  The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 2/5/2002

Original Offense:  Possession With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 860(a)

Original Sentence:  Twenty-seven (27) months imprisonment to be followed by six (6) years supervised release.  The following special conditions were ordered:  1) That the defendant shall abide by the standard conditions of supervision; 2) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 3) That the defendant is prohibited from possessing any illegal or dangerous weapons; 4) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

On 7/18/2003, the offender's supervised release commenced.

Modification of Conditions:  On 5/12/2004, the Court modified the offender's supervised release as follows:  5) That the defendant shall perform 8 hours of community service per week until he has secured full-time employment approved by the Probation Office.

Revocation of Supervision:  On 9/2/2004, the offender appeared before the Court for violations which included:  1) failure to submit to drug testing; 2) failure to follow Probation Officer's instructions; 3) failure to notify change of employment; and 4) failure to submit Monthly Supervision Reports. The Court continued sentencing to allow the offender the

Prob 12B
(7/93)

2

opportunity to get into a residential program. On 9/16/2004, the Court revoked the offender's supervised release and sentenced him to "time served" (approximately 3 months) to allow him to enter First LAP, a residential center. The offender was also ordered to serve a supervised release term of 57 months with special conditions, including 6) That the defendant reside for 6 months at a facility such as First LAP, as arranged by the Probation Office and shall abide by the conditions of the program. The defendant shall notify the Probation Officer three hours prior to the end of the close of business, the name, address and telephone number of any other residence or lodging he intends to stay overnight.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  9/16/2004

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

**General Condition:**  That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 2:**  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 7:**  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

## CAUSE

On 9/16/2004, the offender was released to First LAP, a residential facility located in Palolo. Between 9/16/2004 and up until approximately September 2005, the offender maintained regular contact with this officer while at First LAP. In this regard, this officer received regular Monthly Supervision Reports (MSRs) from the offender and visited him at First LAP. Additionally, the offender was employed as a security guard for a private Honolulu security company and was hired by First LAP as its resident manager. In this regard, although the offender did not receive monetary compensation from First LAP, his monthly rent was waived.

Since then, this officer was unable to contact the offender in December 2005, February 2006 and March 2006. The offender also violated his supervised release as follows:

**Violation No. 1 - Failure to submit MSRs for January 2006, February 2006 and March 2006:**

The offender failed to submit MSRs for January 2006, February 2006 and March 2006. In this regard, each MSR was due by the 5th of the following month.

**Violation No. 2 - Failure to notify the Probation Officer of change in residence and failure to notify the Probation Officer three hours prior to the end of the close of business, the name, address and telephone number of any other residence or lodging he intends to stay overnight:**

On 4/13/2006, this officer attempted to telephonically contact the offender at First LAP. According to a resident of the program, the offender was "at work." However, the resident did not know where the offender was employed.

On that same date, this officer contacted the program director of First LAP. This officer was informed that during the week of 4/2/2006, the offender left First LAP to return to his girlfriend's residence at Kuhio Park Terrace. The program director did not have the address or telephone number of the offender's girlfriend.

On 4/25/2006, this officer was able to secure a cellular telephone number for the offender. The offender was subsequently instructed to report to the Probation Office.

On 5/1/2006, the offender reported to the Probation Office as instructed. The offender was informed that he was in violation of his supervision for failing to submit his MSRs for January 2006, February 2006 and March 2006. This officer further informed the offender that he was in violation of his supervision for failing to notify this officer of his change in employment and failing to notify his officer three hours prior to the end of the close of business, the name, address and telephone number of any other residence or lodging he intended to stay at overnight.

The offender apologized for his actions and provided this officer with his unsubmitted MSRs. The offender reported that he left First LAP because he thought he "was ready" to live on his own. However, once he returned to his girlfriend's house, he realized that she did not change and was continuing to abuse drugs. The offender further related that he did call First LAP and learned that it was willing to take him back into its program. The offender further reported that throughout the time he was unavailable to this officer, he was employed as a construction worker at the Wyland Hotel, earning approximately $100 per day in cash. The offender provided his employer contact information for verification. This officer subsequently contacted First LAP to learn that it would accept the offender back into its program with restrictions. Additionally, he would no longer be a resident manager and would need to abide by all of the conditions of First LAP.

### Violation No. 3 - Admission of marijuana and methamphetamine use:

During the interview at the Probation Office, the offender indicated that he wanted to "come clean." In this regard, the offender related that during April 2006, he used marijuana and crystal methamphetamine on several occasions. He further indicated that he used the drugs with his girlfriend and that he last used each drug "about a week ago." However, the offender denied that he was abusing the drugs daily.

This officer advised the offender that the Court would be notified of his violations.

Subsequently, this officer advised the offender that his general condition to submit to urine testing by the Probation Office would be modified to allow up to 8 valid drug tests per month during the entire term of supervision and at least one per day if he tested positive for drugs. The offender was also advised that he would be required to return to substance abuse testing at Freedom Recovery Services, Inc. (FRSI), and that he would be required to participate in additional treatment should he test positive during drug testing by FRSI or this officer. This officer further advised the offender that a search condition would also be imposed. The offender agreed to the modifications and understood that Your Honor may not agree with the recommended modification and that his supervision may be revoked at any time for the noted violations.

Please be advised that the offender is entitled to a hearing and counsel before the modifications are imposed. Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release indicating that the offender has waived these rights.

Prob 12B
(7/93)

5

His attorney, Assistant Federal Public Defender Pamela J. Byrne, and Assistant U.S. Attorney Tracy A. Hino have been notified by this officer of this request, and both expressed no objection to the modification.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR
Supervising U.S. Probation Officer

Date: 5/4/2006

THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above
[ ]  Other

SUSAN OKI MOLLWAY
U.S. District Judge

MAY 1 1 2006
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ] To extend the term of supervision for years, for a total term of years.
[ X ] To modify the conditions of supervision as follows:

***General Condition:*** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

***Special Condition No. 2:*** *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

***Special Condition No. 7:*** *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

Witness: [signature]
DEREK M. KIM
Senior U.S. Probation Officer

Signed: [signature]
KELEMETE USUVALE
Supervised Releasee

5/1/06
Date