Prob 12C
(Rev. 1/06 D/Hi)

ORIGINAL

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 8 2006

at \_\_ o'clock and \_\_ min. \_\_ M
SUE BEITIA, CLERK

U.S.A. vs. KELEMETE USUVALE              Docket No. CR 01-00327SOM-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of KELEMETE USUVALE who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 5th day of February 2002, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall abide by the standard conditions of supervision.

2. The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3. The defendant is prohibited from possessing any illegal or dangerous weapons.

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

On 7/18/2003, the offender's supervised release commenced.

On 5/12/2004, the Court modified the offender's supervised release conditions as follows:

5. That the defendant shall perform 8 hours of community service per week until he has secured full-time employment approved by the Probation Office.

On 9/2/2004, the offender appeared before the Court for supervision violations which included 1) The offender refused to submit to drug testing at the Drug Addiction Services of Hawaii, Inc. (DASH), on 8/9/2003, 9/23/2003, 5/12/2004, and 5/19/2004; 2) The offender failed to submit a Monthly Supervision Report for April and May 2004; 3) The offender failed to notify the Probation Officer of his change in employment in December 2003; 4) The offender failed to follow the Probation Officer's instructions of 11/5/2003, 1/30/2004, 2/5/2004, 3/5/2004, and 5/6/2004. The offender admitted to the violations. Thereafter, the Court found the violations to be Grade C violations, that the offender had a criminal history category of III, and that the applicable guidelines were 5 to 11 months. The offender requested that he be

Prob 12C
(Rev. 1/06 D/HI)

2

allowed to enter First L.A.P., a secular, residential clean and sober home in Palolo. Subsequently, the Court continued sentencing to 9/16/2004.

On 9/16/2004, the Court revoked the offender's supervised release and sentenced him to "time served" (approximately 3 months), followed by 57 months supervised release with the following special conditions:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3. That the defendant provide the Probation Office access to any requested financial information.

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5. That the defendant perform 8 hours of community service per week until he has secured full-time employment approved by the Probation Office.

6. That the defendant reside for 6 months at a facility such as First L.A.P., as arranged by the Probation Office and shall abide by the conditions of the program. The defendant shall notify the Probation Officer 3 hours prior to the end of the close of business, the name, address, and telephone number of any other residence or lodging he intends to stay overnight.

On 9/16/2004, the offender's second term of supervised release commenced.

On 5/12/2006, the Court modified the offender's supervised release conditions as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Special Condition No. 2: That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Special Condition No. 7: That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Prob 12C
(Rev. 1/06 D/HI)

3

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Forms 7A and 12B attached) as follows:

1. The offender failed to submit timely Monthly Supervision Reports for the months of January 2006, February 2006, and March 2006, in violation of Standard Condition No. 2.

2. The offender failed to notify the Probation Officer of his change in residence in April 2006, and change in employment in February 2006, in violation of Standard Condition No. 6.

3. The offender admitted that he smoked methamphetamine and marijuana in April 2006, in violation of the General Condition.

4. The offender failed to follow the Probation Officer's 5/1/2006 instructions, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   5/16/2006

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 16th day of May, 2006, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re: **USUVALE, Kelemete**
   **Criminal No. CR 01-00327SOM-01**
   **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

As the Court may recall, the offender was convicted of Possession With Intent to Distribute and Distribute Cocaine Base Within 1,000 Feet of a Real Property Comprising a Private University on 10/1/2001. On 2/5/2002, the Court sentenced him to 27 months imprisonment followed by 6 years of supervised release. On 7/18/2003, the offender's supervised release commenced.

On 9/16/2004, the Court revoked the offender's supervised release and sentenced him to "time served" (approximately 3 months), followed by 57 months supervised release with special conditions.

Since then, the offender has violated the following conditions of supervised release.

**Violation No. 1 - Failure to Submit Timely Monthly Supervision Reports:**

During supervision processing on 10/22/2004, this officer instructed the offender to submit his Monthly Supervision Reports (MSRs) within the first 5 days of the following month. The offender did not submit his January 2006, February 2006, and March 2006 MSRs until 5/1/2006.

**Violation No. 2 - Failure to Notify the Probation Officer of Change in Residence in April 2006 and Change in Employment in February 2006:**

On 4/13/2006, this officer attempted to telephonically contact the offender at First L.A.P. According to a resident of the program, the offender was "at work." However, the resident did not know where the offender was employed.

On that same date, this officer contacted the program director of First L.A.P. This officer was informed that during the week of 4/2/2006, the offender left First L.A.P. to return to his girlfriend's residence at Kuhio Park Terrace. The program director did not have the address or telephone number of the offender's girlfriend.

On 4/25/2006, this officer attempted to contact the offender through his reported employer, Desert Watch Security. This officer was informed that the offender ceased employment with their company in February 2006.

On 4/25/2006, this officer was able to secure a cellular telephone number for the offender. The offender was subsequently instructed to report to the Probation Office.

On 5/1/2006, the offender reported to the Probation Office as instructed. The offender was informed that he was in violation of his supervision for: 1) failing to submit his MSRs for January 2006, February 2006, and March 2006; 2) failing to notify this officer of

Re:  **USUVALE, Kelemete**
 **Criminal No. CR 01-00327SOM-01**
 **REVOCATION OF SUPERVISED RELEASE**
 **STATEMENT OF FACTS - Page 2**

his change in residence in April 2006; and 3) failing to notify this officer of his change in employment in February 2006.

The offender apologized for his actions and provided this officer with his unsubmitted MSRs. The offender reported that he left First L.A.P. because he thought he "was ready" to live on his own. However, once he returned to his girlfriend's house, he realized that she did not change and was continuing to abuse drugs. The offender further related that he did call First L.A.P. and learned that they were willing to take him back into their program. The offender further reported that throughout the time he was unavailable to this officer, he was employed as a construction worker at the Wyland Hotel, earning approximately $100 per day in cash. The offender provided his employer contact information for verification. This officer subsequently contacted First L.A.P. to learn that it would accept the offender back into its program with restrictions. Additionally, he would no longer be a resident manager and would need to abide by all of the conditions of First L.A.P.

### Violation No. 3 - Admission of Marijuana and Methamphetamine Use:

During the interview at the Probation Office, the offender indicated that he wanted to "come clean." In this regard, the offender related that during April 2006, he used marijuana and crystal methamphetamine on several occasions. He further indicated that he used the drugs with his girlfriend and that he last used each drug "about a week ago." However, the offender denied that he was abusing the drugs daily.

This officer advised the offender that the Court would be notified of his violations. Subsequently, this officer advised the offender that his general condition to submit to urine testing by the Probation Office would be modified to allow up to eight valid drug tests per month during the entire term of supervision and at least one per day if he tested positive for drugs. The offender was also advised that he would be required to return to substance abuse testing at Freedom Recovery Services, Inc. (FRSI), and that he would be required to participate in additional treatment should he test positive during drug testing by FRSI or this officer. This officer further advised the offender that a search condition would also be imposed. The offender agreed to the modifications. Subsequently, a Request for Modifying the Conditions of Supervision With Consent of the Offender (Probation Form 12B) was sent to the Court. The offender's counsel, Assistant Federal Public Defender Pamela J. Byrne, and Assistant U.S. Attorney Tracy A. Hino, both agreed to the proposed modifications.

### Violation No. 4 - Failure to Follow the Probation Officer's 5/1/2006 Instructions:

During the interview at the Probation Office, this officer instructed the offender to report to First L.A.P. by the end of the business day. In this regard, First L.A.P. reported that they would accept the offender. The offender agreed and indicated that most of his personal belongings were still at the program.

Re: **USUVALE, Kelemete**
**Criminal No. CR 01-00327SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

On 5/11/2006, this officer attempted to meet with the offender at First L.A.P. This officer was informed by First L.A.P. that the offender did not return to their program as instructed by this officer on 5/1/2006. In this regard, First L.A.P. reported that while the offender contacted them on 5/1/2006 about returning to their program, he did not show up and has not contacted them since 5/1/2006.

Currently, the offender's whereabouts are unknown. In light of conduct despite being counseled on 5/1/2006, this officer concludes that the offender is not responsive to supervision. The alleged violations, together with the fact that the offender has a history of abusing alcohol and illicit drugs since 1979, and convictions for violating protective orders and assault, suggest that he does not recognize the seriousness of being placed under federal supervision. Additionally, given that the alleged violations are similar to the violations for which his previous supervision was revoked, it does not appear the offender will be amenable to supervision in the future. Consequently, it is recommended that the Court issue a No Bail warrant for his appearance to show cause why his supervised release should not be revoked.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

DMK/pts

Re:  **USUVALE, Kelemete**
     **Criminal No. CR 01-00327SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To: **KELEMETE USUVALE**          Docket No. CR 01-00327SOM-01
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 57 months commencing 9/16/2004.

While on **supervised release**, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[ X ]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*SEE ATTACHED.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
KELEMETE USUVALE, Defendant                    Date

_____     _____
DEREK M. KIM                                   Date
Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE: KELEMETE USUVALE
Docket No. CR 01-00327SOM-01

Conditions of Probation and Supervised Release
(continued from previous page)

1) That the defendant is prohibited from possessing any illegal or dangerous weapons.

2) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3) That the defendant provide the Probation Office access to any requested financial information.

4) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5) That the defendant perform 8 hours of community service per week until he has secured full-time employment approval by the Probation Office.

6) That the defendant reside for 6 months at a facility such as First L.A.P., as arranged by the Probation Office and shall abide by the conditions of the program. The defendant shall notify the Probation Officer three hours prior to the end of the close of business, the name, address and telephone number of any other residence or lodging he intends to stay overnight.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    10/24/04
KELEMETE USUVALE, Defendant              Date

_____    10/24/04
DEREK M. KIM                              Date
Senior U.S. Probation Officer

PROB. 12B
(7/93)

## United States District Court

for the

### DISTRICT OF HAWAII

RECEIVED
MAY 1 2 2006
U.S. PROBATION OFFICE
HONOLULU, HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 1 2 2006
at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: KELEMETE USUVALE        Case Number: CR 01-00327SOM-01

Name of Sentencing Judicial Officer:  The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 2/5/2002

Original Offense: Possession With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 860(a)

Original Sentence: Twenty-seven (27) months imprisonment to be followed by six (6) years supervised release. The following special conditions were ordered: 1) That the defendant shall abide by the standard conditions of supervision; 2) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 3) That the defendant is prohibited from possessing any illegal or dangerous weapons; 4) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

On 7/18/2003, the offender's supervised release commenced.

Modification of Conditions: On 5/12/2004, the Court modified the offender's supervised release as follows: 5) That the defendant shall perform 8 hours of community service per week until he has secured full-time employment approved by the Probation Office.

Revocation of Supervision: On 9/2/2004, the offender appeared before the Court for violations which included: 1) failure to submit to drug testing; 2) failure to follow Probation Officer's instructions; 3) failure to notify change of employment; and 4) failure to submit Monthly Supervision Reports. The Court continued sentencing to allow the offender the

Prob 12B
(7/93)

2

opportunity to get into a residential program. On 9/16/2004, the Court revoked the offender's supervised release and sentenced him to "time served" (approximately 3 months) to allow him to enter First LAP, a residential center. The offender was also ordered to serve a supervised release term of 57 months with special conditions, including 6) That the defendant reside for 6 months at a facility such as First LAP, as arranged by the Probation Office and shall abide by the conditions of the program. The defendant shall notify the Probation Officer three hours prior to the end of the close of business, the name, address and telephone number of any other residence or lodging he intends to stay overnight.

Type of Supervision: Supervised Release    Date Supervision Commenced: 9/16/2004

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

**General Condition:**   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 2:**   That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 7:**   That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Prob 12B
(7/93)

3

## CAUSE

On 9/16/2004, the offender was released to First LAP, a residential facility located in Palolo. Between 9/16/2004 and up until approximately September 2005, the offender maintained regular contact with this officer while at First LAP. In this regard, this officer received regular Monthly Supervision Reports (MSRs) from the offender and visited him at First LAP. Additionally, the offender was employed as a security guard for a private Honolulu security company and was hired by First LAP as its resident manager. In this regard, although the offender did not receive monetary compensation from First LAP, his monthly rent was waived.

Since then, this officer was unable to contact the offender in December 2005, February 2006 and March 2006. The offender also violated his supervised release as follows:

**Violation No. 1 - Failure to submit MSRs for January 2006, February 2006 and March 2006:**

The offender failed to submit MSRs for January 2006, February 2006 and March 2006. In this regard, each MSR was due by the 5th of the following month.

**Violation No. 2 - Failure to notify the Probation Officer of change in residence and failure to notify the Probation Officer three hours prior to the end of the close of business, the name, address and telephone number of any other residence or lodging he intends to stay overnight:**

On 4/13/2006, this officer attempted to telephonically contact the offender at First LAP. According to a resident of the program, the offender was "at work." However, the resident did not know where the offender was employed.

On that same date, this officer contacted the program director of First LAP. This officer was informed that during the week of 4/2/2006, the offender left First LAP to return to his girlfriend's residence at Kuhio Park Terrace. The program director did not have the address or telephone number of the offender's girlfriend.

On 4/25/2006, this officer was able to secure a cellular telephone number for the offender. The offender was subsequently instructed to report to the Probation Office.

On 5/1/2006, the offender reported to the Probation Office as instructed. The offender was informed that he was in violation of his supervision for failing to submit his MSRs for January 2006, February 2006 and March 2006. This officer further informed the offender that he was in violation of his supervision for failing to notify this officer of his change in employment and failing to notify his officer three hours prior to the end of the close of business, the name, address and telephone number of any other residence or lodging he intended to stay at overnight.

Case 1:01-cr-00327-SOM    Document 42    Filed 05/18/2006    Page 15 of 17

Prob 12B
(7/93)

4

The offender apologized for his actions and provided this officer with his unsubmitted MSRs. The offender reported that he left First LAP because he thought he "was ready" to live on his own. However, once he returned to his girlfriend's house, he realized that she did not change and was continuing to abuse drugs. The offender further related that he did call First LAP and learned that it was willing to take him back into its program. The offender further reported that throughout the time he was unavailable to this officer, he was employed as a construction worker at the Wyland Hotel, earning approximately $100 per day in cash. The offender provided his employer contact information for verification. This officer subsequently contacted First LAP to learn that it would accept the offender back into its program with restrictions. Additionally, he would no longer be a resident manager and would need to abide by all of the conditions of First LAP.

### Violation No. 3 - Admission of marijuana and methamphetamine use:

During the interview at the Probation Office, the offender indicated that he wanted to "come clean." In this regard, the offender related that during April 2006, he used marijuana and crystal methamphetamine on several occasions. He further indicated that he used the drugs with his girlfriend and that he last used each drug "about a week ago." However, the offender denied that he was abusing the drugs daily.

This officer advised the offender that the Court would be notified of his violations.

Subsequently, this officer advised the offender that his general condition to submit to urine testing by the Probation Office would be modified to allow up to 8 valid drug tests per month during the entire term of supervision and at least one per day if he tested positive for drugs. The offender was also advised that he would be required to return to substance abuse testing at Freedom Recovery Services, Inc. (FRSI), and that he would be required to participate in additional treatment should he test positive during drug testing by FRSI or this officer. This officer further advised the offender that a search condition would also be imposed. The offender agreed to the modifications and understood that Your Honor may not agree with the recommended modification and that his supervision may be revoked at any time for the noted violations.

Please be advised that the offender is entitled to a hearing and counsel before the modifications are imposed. Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release indicating that the offender has waived these rights.

Prob 12B
(7/93)

5

His attorney, Assistant Federal Public Defender Pamela J. Byrne, and Assistant U.S. Attorney Tracy A. Hino have been notified by this officer of this request, and both expressed no objection to the modification.

Respectfully submitted by,

*[signature]*

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

*[signature]*

GENE DeMELLO, JR
Supervising U.S. Probation Officer

Date: 5/4/2006

---

THE COURT ORDERS:

[X]   The Modification of Conditions as Noted Above
[ ]   Other

*[signature]*

SUSAN OKI MOLLWAY
U.S. District Judge

**MAY 1 1 2006**
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for  years, for a total term of  years.
[ X ]    To modify the conditions of supervision as follows:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 2:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 7:** That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
KELEMETE USUVALE
Supervised Releasee

5/1/06

_____
Date